**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES OLIVER,<br><br>                    Plaintiff,<br><br>      v.<br><br>MARY BOONE, BOONE ASSOCIATES, LP, and<br>MARY BOONE GALLERY,<br><br>                    Defendants. | Index No. 20-cv-00332<br><br><br><br>**COMPLAINT** |

PLAINTIFF James Oliver ("Plaintiff"), by and through his undersigned counsel, alleges, upon knowledge as to himself and his acts and upon information and belief as to all other matters, against defendants Mary Boone ("Boone"), Boone Associates, LP ("Boone Associates") and Mary Boone Gallery, ("MBG" and together with Boone and Boone Associates, as the "Defendants") as follows:

### NATURE OF THE ACTION

1.       This is an action to recover damages and curtail the unlawful scheme through which Defendants have misappropriated ownership of valuable artworks and assets as well as failed to properly compensate Plaintiff for work performed on behalf of Defendants. Plaintiff was an employee of Boone and MBG and remains a Limited Partner with a 10% equity interest in Boone Associates. Boone Associates is the limited partnership that operates MBG, a well-known and high-end art gallery which has been in operation since 1977 and has sold countless pieces of fine art to museums and private collectors. Plaintiff has worked for Boone and MBG since January 1995. Initially, Plaintiff was hired as a registrar and to assist with exhibitions, and in or around 2003, was promoted to Director of MBG, a position he held until his resignation from MBG on March 5, 2019. In February 2015, Plaintiff was issued a 10% interest in Boone Associates, which

was assigned to him by Boone, the general partner and majority shareholder of Boone Associates. Until March 5, 2019, Plaintiff was employed as a Director of MBG and still maintains his 10% interest in Boone Associates. Throughout his entire tenure of employment Plaintiff was misclassified as an independent contractor, when in reality, his job duties were those of an employee of Boone and MBG.

2.      Plaintiff has been a friend and business colleague of Defendant Boone for over two decades. However, on June 6, 2018 Plaintiff first learned of Boone's extensive and long-ongoing fraud against Boone Associates, MBG and himself when the Internal Revenue Service ("IRS") served and executed a search warrant at MBG. The IRS, through the lead investigator assigned to the case, Nicole Vaughn, informed Plaintiff and other MBG employees that the IRS was only interested in investigating Boone. The search of MBG lasted approximately 8 hours.

3.      On or about August 2018, a Federal Grand Jury indicted Boone for tax fraud. Specifically, Boone was accused of falsely characterizing transactions in order to claim personal expenses as business deductions related to MBG. Boone's alleged tax scheme included misrepresenting purchases and falsifying transactions purportedly conducted by and through MBG. Boone was also charged with the improper commingling of MBG and personal financial transactions by writing dummy checks from the MBG account in order to improperly write off the amounts of the checks as tax deductible business expenses. These false transactions and deductions included, amongst others, $900,000 in expenditures to remodel her Upper East Side Manhattan apartment and approximately $300,000 in personal credit card charges.

4.      In response to these allegations and indictment, on September 5, 2019, Boone waived her right to a jury trial and entered into a plea deal in which she pled guilty to several counts of tax fraud, including two counts of Federal Income Tax fraud, one count for filing a

fraudulent partnership return in 2011 related to MBG and one count of filing a fraudulent personal tax return for 2011. While the IRS investigation, indictment and guilty plea only pertained to crimes committed between 2009 to 2011, Plaintiff believes that Boone continued to engage in misconduct subsequent to 2011 which continues to occur to date.

5.      In connection with Boone's plea deal, she was ordered to pay millions of dollars in tax assessments and penalties to the IRS for calendar years 2009, 2010 and 2011. On February 14, 2019, the Hon. Alvin K. Hellerstein sentenced Boone to 30 months in federal prison. On or about May 15, 2019, Boone commenced serving her sentence in federal prison.

6.      Well before the IRS investigation and federal criminal indictment and plea, Boone had misappropriated valuable art and financial assets from Boone Associates and MGB for her own personal use and enjoyment and at the expense and significant diminishment of Plaintiff's equity interest.

7.      As further detailed below, Boone removed no less than 16 separate and identifiable pieces of art, worth tens of millions of dollars from MBG, purchased with assets from Boone Associates and/or MBG to keep and display in her personal residence. Additionally, shortly after the criminal indictment and guilty plea, Boone sold art purchased by and with MBG assets for over $10,000,000.00. While these proceeds undeniably belong to Boone Associates (and 10% to Plaintiff) and MBG, Boone simply had the purchasers wire the money into her personal account. When confronted by Plaintiff as to the tens of millions of dollars that she had misappropriated, Boone flippantly responded that "it's mine and I am going to need it when I get out of prison." While Boone may indeed find herself in dire financial straits after prison, it should not be at Plaintiff's expense, nor should Boone be permitted to flagrantly continue her fraudulent scheme of comingling personal and professional assets and using MGB as her private bank. Such activity

has directly diminished Plaintiff's 10% interest and derived income in Boone Associates and MBG. As a direct and proximate result of Boone's unlawful and unauthorized sale of assets belonging the Boone Associates and MBG, Plaintiff's 10% equity interest and derived income has not only been diminished, but possibly completely dispersed.

8.      Additionally, Boone and MBG owe Plaintiff at least $44,325 in unpaid compensation for his work as a Director of MBG prior to his resignation on March 5, 2019. As Director, Plaintiff's annual salary was $300,000, or $25,000 per month as documented on his Form 1099s for 2016 through 2018. Plaintiff has only been paid a total of $9,000 for work performed in 2019, despite working from January 1, 2019 through March 5, 2019. Thus, Plaintiff is owed $41,000 for his work through February 28, 2019 and an additional $3,225 for his work in March 2019.

9.      This is a direct action with respect to Boone's breaches of contract, which have caused significant individual damage to Plaintiff.

10.      This is also a derivative action with respect to Defendants' conversion, waste, unjust enrichment, and breaches of fiduciary duties to Plaintiff, Boone Associates and MBG, the latter two entities are controlled and/or managed by Boone. Plaintiff further seeks the establishment of a constructive trust.

11.      Through these and other wrongful acts detailed below, Defendants have breached their contractual, fiduciary and other duties to Plaintiff.  Plaintiff seeks the Court's assistance in preventing Defendants from succeeding in their misappropriation of the Boone Associates and MBG business as well as assistance in remedying past frauds and preventing future damages. Plaintiff believes that if Boone is allowed to continue siphoning off art and other assets from Boone Associates and MBG, especially given her statements regarding her post-prison life and lavish

spending habits, the valuable equity Boone has purloined from Plaintiff will be spent and likely be lost forever.

12.     Plaintiff therefore demands that Boone Associates and MBG be directed to make a full accounting of their relative corporate structures and operations from February 15, 2015 to date; reorganize the structure of the entities so as to properly allocate the equity that Plaintiff owns in Boone Associates and income that Plaintiff is owed; produce all books and records as required under the governing documents and New York law; and dismiss defendant Boone as General Partner of Boone Associates, and replace her with others who will direct the affairs of Boone Associates and MBG competently, lawfully and in accordance with their fiduciary duties.

13.     Plaintiff further demands to be made whole for the breaches of contract and related torts committed by defendants to Plaintiff's detriment.

## JURISDICTION AND VENUE

14.     The Court has subject-matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

15.     Venue for this action is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

16.     Plaintiff James Oliver is a respected art professional who lives in New Jersey.

17.     Defendant Mary Boone is an individual with her primary residence in New York, New York.

18.     MBG was the business operated in New York, New York by Boone and Boone Associates.

19.     Defendant Boone Associates, LP is a limited partnership organized and existing under the laws of New York with its principal place of business in New York, New York.  It currently has 5 members, including Boone, Sheila Meyer Zalower, Ronald Warren, Max Werner and Plaintiff.

## FACTUAL BACKGROUND

**A.     Boone Has Misappropriated Assets Belonging to Boone Associates and MBG Since at Least February 15, 2015 When Plaintiff Was Awarded His Equity Interest**

20.     On February 15, 2015, Defendants made a 5th amendment to the Certificate of Limited Partnership of Boone Associates. The primary purpose of this amendment was to assign 10% of Boone Associates to Plaintiff from Boone's individual allocation. Following this amendment, Boone remained (and still remains) the General Partner of Boone Associates, and there were three Limited Partners, in addition to Boone. As of the February 15, 2015 amendment, the Limited Partners and their respective share of Boone Associates profits were as follows: 1) Mary Boone (50%); 2) Ronald Warren (10%); 3) James Oliver (10%); and 4) Sheila Meyer Zaslower.

21.     There has been one subsequent amendment to the Certificate of Limited Partnership of Boone Associates. On April 1, 2017, an additional Limited Partner, Max Werner, was added and assigned 5% of Boone Associates from Boone's individual allocation. There have been no further amendments to the Limited Partnership of Boone Associates. Thus, the current list of Limited Partners and their respective shares of Boone Associates are as follows: 1) Mary Boone (70%); 2) Ronald Warren (10%); 3) James Oliver (10%); 4) Sheila Meyer Zaslower. and 5) Max B. Werner (5%).

22.     As of February 15, 2015, when Plaintiff was allocated 10% of Boone Associates, MGB owned no less than 19 works of art cumulatively worth over $17,000,000. The works, location and value are listed as follows:

| Artist | Title | Location | Current Value |
|---|---|---|---|
| Brice Marden | Diagrammed Couplet III | SOLD | Sold for $10,000,000 |
| Brice Marden | Smith | 32 East 64th Street | $3,000,000 |
| KAWS | Along The Way | Brooklyn Museum | $1,000,000 |
| Barbara Kruger | Untitled (Hero) | 32 East 64th Street | $750,000 |
| Eric Fischl | Brief History of North Africa | SOLD | Sold for $590,000 |
| Brice Marden | "Untitled" (#2A) | MBG | $500,000 |
| Tomoo Gokita | Replicant Marilyn | MBG | $300,000 |
| Barbara Kruger | Untitled (Go/Stay) | 32 East 64th Street | $200,000 |
| Francesco Clemente | Portrait of Mary Boone | SOLD | Sold for $200,000 |
| Sherry Levine | Lead Hexagon: 4 | 32 East 64th Street | $200,000 |
| Sherry Levine | The Bachelors | 32 East 64th Street | $200,000 |
| Adam McEwan | New York, New York | 32 East 64th Street | $150,000 |
| Malcolm Morley | Medieval Ship with Lemon Sky | 32 East 64th Street | $150,000 |
| Ross Bleckner | Entrance | 32 East 64th Street | $150,000 |
| Sherry Levine | Broad Stripe: 5 | 32 East 64th Street | $150,000 |
| Sherry Levine | Broad Stipe: 12 | 32 East 64th Street | $150,000 |
| Jacob Hashimoto | City of Dust | 32 East 64th Street | $80,000 |
| Peter Haller | Gold Prison | 32 East 64th Street | $75,000 |
| Ross Bleckner | 16,301 + As of… | MBG | $70,000 |

23.     Of the 19 pieces owned by Boone Associates and MBG, only three of them remained at MBG as of March 5, 2019. Additionally, MBG closed on May 1, 2019 and none of the art on the aforementioned list remains at the gallery. Alarmingly, upon information and belief, 16 of the 19 pieces listed above are currently located at Boone's personal residence at 32 East 64th Street, New York, NY 10065. The combined value of these 16 pieces, which belong to Boone Associates and MBG (and 10% to Plaintiff), but which Boone has elected to abscond with and display for her own personal enjoyment, totals in excess of $5,000,000. [1]

24.     Even more concerning is Boone's handling of the remaining three pieces above which are indicated as "SOLD."

25.     In or around October 2018, shortly after Boone's guilty plea for tax fraud, but before Boone was sent to prison and while she was still in control of MBG, the Gagosian Gallery (another high-end New York City art gallery) agreed to purchase the Brice Marden painting, entitled "Diagrammed Couplet III" from MBG for $10,000,000. This painting was originally purchased by Boone Associates and MBG for $425,000, resulting in what should be a $9,575,000 profit for Boone Associates and MBG. This should translate into a $957,500 allocation to Plaintiff.

26.     Gagosian Gallery subsequently sent two instalment payments to the MBG business account at JP Morgan Chase Bank. The first instalment of $2,000,000 was deposited in the MBG bank account on October 16, 2018. The next day, on October 17, 2018, Boone instructed Gagosian Gallery to wire the second instalment of $8,000,000 directly to Boone's personal savings account held at Signature Bank. The following day, on October 18, 2018, Boone requested that JP Morgan

---

[1]     This is a non-exhaustive list of works that belonged to MBG and Boone Associates. Plaintiff believes additional works were also unlawfully removed and remain improperly stored and kept at Boone's personal residence unless the works were otherwise improperly sold.

Chase transfer the $2,000,000 amount from the first instalment payment made to the MBG account to Boone's personal account at Signature Bank. As General Partner of Boone Associates and the majority interest holder amongst the Limited Partners of Boone Associates, Boone was always in control of the MBG business account.

27.     Approximately one week after Boone misappropriated $10,000,000 from the sale of the Brice Marden painting and had the money transferred to her personal account, Boone paid off millions of dollars to the IRS in penalties for her tax evasion.

28.     Prior and in addition to the blatant $10,000,000 theft from MBG and Boone Associates related to the Brice Marden painting, Boone sold two other paintings that belonged to Boone Associates and MBG after her indictment for tax fraud but prior to her sentencing. The two works are a painting by Eric Fischl entitled "Brief History of North Africa" which was purchased by Boone Associates and MBG for $20,000 and sold in 2019 for $590,000 (resulting in a $570,000 profit) and a Francesco Clemente painting entitled "Portrait of Mary Boone" which was purchased by Boone Associates and MBG for $91,000 and sold in 2019 for $200,000 (resulting in a $109,000 profit).

29.     Upon information and belief, Boone also used the profits from the sale of the aforementioned additional two pieces to fund her personal criminal tax liabilities.

30.     Given Boone's criminal conviction and jail sentence, on February 23, 2019, Plaintiff confronted Boone regarding the future of MBG and asked her what he could expect to receive from his interest in the Limited Partnership. He also asked for the balance of his 2019 compensation as Plaintiff had only received one payment of $9,000 for all worked previously performed in 2019 despite having an annual salary of $300,000.

31.     In response to Plaintiff's reasonable inquiry, Boone stated that Plaintiff would only receive $27,000 for his work at MBG in 2019 (of which he has only received the previously paid $9,000). Given that Plaintiff resigned on March 5, 2019, he is entitled to his full contractual salary until then, which is approximately $50,000. Thus, Boone and MBG owe Plaintiff at least $41,000 in connection with his employment as director of MBG in 2019.

32.     Furthermore, Plaintiff also inquired as to what would become of his 10% interest in Boone Associates. Boone responded that "the gallery is worth nothing." Clearly, this is not the case.

33.     At the same time, Plaintiff asked about the millions of dollars which Boone Associates and MBG had in their corporate banking accounts. Shockingly, Boone responded that despite the Limited Partnership agreement which holds that Plaintiff has a 10% interest in Boone Associates and through it, MBG, that the millions of dollars in the corporate accounts belonged to her and that "[she] was going to need it for when [she got] out of prison."

34.     In addition to corporate assets, Boone has looted tens of millions of dollars' worth of art belonging to Boone Associates and MBG to display in her private residence. Plaintiff does not know and has no control over the proper safekeeping and care for these expensive works of art. Additionally, Plaintiff believes that that art in Boone's apartment is not properly insured. Plaintiff requests the formation of a constructive trust to handle and maintain all Boone Associates' and MBG property currently in Boone's possession.

B.      **Derivative and Demand Futility Allegations**

35.     Plaintiff has not made a demand on Boone Associates. As indicated in the Boone Associates Limited Partnership Agreement, and all subsequent amendments thereto, Boone, in her personal capacity, is the sole General Partner of Boone Associates, owns a controlling interest in

Boone Associates and is the owner and manager of MBG, thereby controlling every business decision that is made by Boone Associates and MBG.

36.     Additionally, all other Limited Partners in Boone Associates are not disinterested parties to Boone's scheme and/or are family members or close associates who were and remain loyal to Boone.

37.     Specifically, Boone is the majority interest holder and is clearly not disinterested. Additionally, of the remaining Limited Partners: 1) Ronald Warren (10%) has been the co-director and partner in MBG with Boone for 35 years and submitted a letter of support in her criminal IRS indictment; 2) Sheila Meyer Zaslower (5%) is one of the original investors in Boone Associates and MBG since its formation in 1977 and currently lives in Florida and maintains a friendship with Boone; and 3) Max B. Werner (5%) is Boone's son.

38.     Similarly, Plaintiff has not made a demand on MBG. Boone controls every aspect of MBG, which she founded in 1977. Through Boone's position and interest in Boone Associates, Boone is the founder, general partner and owns a controlling interest in MBG. She was also the target and convicted perpetrator of felony fraud against the IRS through her controlling position at MBG.

39.     Accordingly, demand on either Boone Associates or MBG would be futile. Boone controls both entities. Boone is incapable of making a disinterested and independent decision to institute and vigorously prosecute this action because (a) as the allegations make clear, it is she who is allegedly to be in breach of multiple contractual and fiduciary duties and (b) she stands to gain from all the wrongful acts that include both entities. None of the acts complained of is a valid exercise of business judgment and Boone faces personal liability. Moreover, Boone has already publicly expressed her disregard for the claims in this action by pleading guilty to tax fraud.

40.     Plaintiff brings certain claims in this action derivatively in the right and for the benefit of Boone Associates and MBG to redress injuries suffered by, and to be suffered by, Boone Associates and MBG as a result of Boone's breaches of fiduciary duty, waste, unjust enrichment, and conversion. Plaintiff also brings claims derivatively in the right of and for the benefit of Boone Associates and MBG to redress injuries suffered by Boone Associates and MBG as a result of Boone's mismanagement, refusal to provide fundamental information to members, fraudulent and untrustworthy conduct in the management of Boone Associates and MBG, and other breaches of fiduciary duty.

41.     Plaintiff has been and continues to be an equity owner of Boone Associates at all times since 2015. Plaintiff has further been an employee of MBG since 1995. He has received K-1s from the company since 2015.

42.     Plaintiff will fairly and adequately represent the rights of Boone Associates and MBG and each of their interest holders in enforcing and prosecuting each of their rights.

43.     The wrongful acts complained of herein subject, and will continue to subject, Boone Associates and MBG to continuing harm.

44.     Absent injunctive relief, Boone Associates and its Limited Partners and interest holders will continue to be irreparably harmed by Boone's misappropriation of their equity in the business as well as the physical assets which Boone has been selling and divesting to her personal accounts.

45.     Absent injunctive relief, Boone Associates and its Limited Partners will be irreparably harmed by Boone's personal possession of any and all art owned by Boone Associates and MBG but stored in her personal residence, including, but not limited to the previously identified 16 pieces. Boone is an untrustworthy General Partner, majority Limited Partner and

manager of MBG who has already been convicted of criminal fraud and has clearly continued to engage in fraudulent self-dealing and misappropriation of value through unlawful and unethical practices designed to benefit only herself at the expense of the other Limited Partners. Boone cannot be trusted to keep any Boone Associates of MBG assets in her possession as she has been engaged in the process of selling off millions of dollars of those assets and using the money to fund personal criminal penalties and personal expenses. If permitted to continue, Boone is likely to sell or dispose of the remaining Boone Associates and MBG assets and retain or conceal all profits. Thus, any possible future damages might well be unrecoverable.

**CAUSES OF ACTION**

**COUNT I**
(Derivatively - Breach of Fiduciary Duty to Boone Associates and MBG)

46.     Plaintiff repeats and realleges all of the preceding allegations as if fully set forth herein.

47.     As the general partner of Boone Associates and in carrying out her duties as general partner under the Boone Associate Limited Partnership Agreement, Defendant Boone owed Plaintiff a duty of loyalty, good faith, honesty and due care.

48.     In breach of these duties, Boone has fraudulently appropriated and converted virtually all the equity and assets in Bonne Associates and MBG by selling art and transferring those assets, equity and profit to her personal account and residence. In violation of her duty of loyalty, good faith and due care, Defendant Boone caused the art, know-how, track record, goodwill and other tangible and intangible property of Boone Associates and MBG to be misappropriated by Boone for her self-interested purpose of taking the Boone Associates' Limited Partners' equity as her own.

49.    Boone and Boone Associates have further breached their fiduciary duties to Plaintiff by failing to maintain or produce regular financial statements and other required books and records to the Limited Partners of Boone Associates.

50.    Plaintiff is suffering and will continue to suffer irreparable harm as a result of Defendants' breaches of their fiduciary duties because he is being deprived of the value of his equity. In the absence of injunctive relief, the value will be further dissipated by the Boone's displacement and sale of art and other tangible assets for her own personal gain. Plaintiff's equity interest is also in jeopardy as a result of Boone's improper storage and insurance of all Boone Associates and MBG art located at her personal residence.

### COUNT II
(Derivatively - Unjust Enrichment/Quantum Meruit)

51.    Plaintiff repeats and realleges all of the preceding allegations as if fully set forth herein.

52.    Through the wrongful course of conduct and actions alleged herein, Boone was unjustly enriched at the expense of and to the detriment of Boone Associates. The wrongful conduct was continuous and resulted in a criminal investigation and pleas and ongoing harm to Boone Associates and MBG, by transferring the existing value of Boone Associates and MBG assets and art into Boone's personal accounts instead of Boone Associates and its Limited Partners, including Plaintiff. Boone was unjustly enriched by selling and absconding with over $10 million worth of art and removing several additional pieces from MBG to her personal residence. These additional pieces of art are valued at several million dollars.

53.    Plaintiff as a Limited Partner of Boone Associates, seeks restitution and an order of the Court disgorging Defendants of their ill-gotten gains and a reorganization of Boone Associates that properly accounts for and reflects the equity that the Limited Partners own in the business.

54.     By reason of the foregoing, Boone Associates and its Limited Partners have been damaged.

## COUNT III
### (Derivatively - Conversion)

55.     Plaintiff repeats and realleges all of the preceding allegations as if fully set forth herein.

56.     Boone Associates and MBG existed since 1977 as a company with significant tangible and intangible assets in the form of valuable art and good-will in the art community and profession. It owned the right to all those assets and the proceeds from the sale of them.

57.     Because Defendant Boone sold assets and retained proceeds from the sale of such assets for herself, she deprived Boone Associates and its Limited Partners of the possession and right to possess the valuable equity interest in the art owned and exhibited by Boone Associates and MBG as it existed and appreciated. Boone Associates no longer had possession or control over its assets and capital.

58.     Defendant Boone intended to deprive Boone Associates, Plaintiff and the other Limited Partners of the value of Boone Associates' assets and equity when she sold and transferred valuable art and purposefully retained the equity and assets for herself.

59.     Boone Associates has been harmed by Boone's unlawful conversion of its equity in an amount to be determined at trial.

## COUNT IV
### (Derivatively - Waste of Boone Associates and MBG's Assets)

60.     Plaintiff repeats and realleges all of the preceding allegations as if fully set forth herein.

61.     Boone's self-dealing, breach of duties, mismanagement, and fraud, has caused Boone Associates and MBG to waste its valuable assets by virtue of the wrongful transfer of those

assets, know-how, intellectual property, track record, industry knowledge and capital into and/or for the benefit of Boone, individually.

62.     As a result of this waste of company assets, Boone is liable to Boone Associates and Plaintiff in an amount that can only be addressed by equitable reorganization and redistribution of the equity of Boone Associates and MBG and by the dismissal of Boone from her executive position.

63.     Plaintiff has no adequate remedy at law.

**COUNT V**
(Derivatively – Constructive Trust)

64.     Plaintiff repeats and realleges all of the preceding allegations as if fully set forth herein.

65.     Boone owes fiduciary duties of good faith, loyalty, honesty and due care to Boone Associates, MBG and their Limited Partners, including Plaintiff.

66.     It is just and equitable to place a constructive trust over Defendant Boone's equity stake in Boone Associates and MBG and any proceeds from the sale of art belonging to Boone Associates and MBG and to maintain the safekeeping, maintenance and general oversight, including insurance of all Boone Associates and MBG artwork currently held in Boone's residence.

67.     Boone unilaterally sold over $10 million worth of art belonging to Boone Associates, MBG and Plaintiff and kept all proceeds for herself. Additionally, Boone converted millions of dollars' worth of additional works of art which are currently in her personal residence and which will likely be sold or otherwise improperly disposed of by Boone or her agents if immediate injunctive relief is not granted.

68.     By removing, selling and keeping all proceeds from the sale of assets belonging to Boone Associates, MBG and Plaintiff, Boone has wrongfully deprived Plaintiff and the other Limited Partners of the value of the taken art.

69.     Boone has been unjustly enriched by her wrongful actions.

70.     Permitting Boone to retain the benefits of the ill-gotten equity and assets from Boone Associates and MBG or the appreciation therefrom would be against equity and good conscience. The totality of the circumstances warrants imposing a constructive trust under equitable principles.

71.     Plaintiff requests that the Court impose a constructive trust over Boone's equity stakes in Boone Associates and MBG and any proceeds from the sale of art belonging to Boone Associates and MBG and order the reallocation and restoration of such equity to the proper owners. Furthermore, Plaintiff requests that the Court order that all art belonging to Boone Associates and MBG that is currently in Boone's personal residence be transferred to a responsible third party for safe handling and maintenance.

72.     Plaintiff has no adequate remedy at law.

## COUNT VI
(Directly - Breach of Contract)

73.     Plaintiff repeats and realleges all of the preceding allegations as if fully set forth herein.

74.     Plaintiff and Defendants entered into a valid and enforceable contract in or about February 15, 2015 which amended the Limited Partnership agreement and pursuant to which, Plaintiff was allocated equity with a value equal to 10% of Boone Associates.

75.     Pursuant to Section IX of the amendment to the Limited Partnership agreement, Plaintiff "shall share in the profits of the Partnership in the fractional interests set forth opposite their respective names…" of which Plaintiff was allocated 10%.

76.     Plaintiff continued to perform his job duties as director of MBG and as a 10% equity holder in Boone Associates but never received any profits from the sale of any paintings from when he was granted his 10% equity interest in 2015 to the present, despite the Boone Associates and MBG selling over $10,790,000 worth of art at a significant profit.

77.     Defendants have confirmed the existence and enforceability of this contract, and further confirmed that Plaintiff's equity was to be allocated pursuant to that agreement and reflected in his 2015-2017 Form K-1s.

78.     But Defendants have not performed their obligations under this contract.

79.     Defendants also entered into a valid and enforceable contract with Plaintiff to pay him a $300,000 annual salary for acting as Director of MBG. Under this contract, Plaintiff was to be paid $25,000 per month during 2019. Plaintiff worked from January 1, 2019 through March 5, 2019 but was only paid a total of $9,000. As such, Defendants owe Plaintiff $43,225 for his work performed as Director of MBG through March 5, 2019.

80.     Defendants have also not performed their obligations under this contract.

81.     Plaintiff has been harmed by Defendants' breach in not awarding the promised equity at the operative 2015 valuation, which has increased in value to today in an amount to be determined and depriving him of the profits and interests in the business as well as his accompanying salary.

82.     Plaintiff has been damaged by these breaches.

**WHEREFORE**, plaintiff James Oliver respectfully requests that this Court enter judgment:

a)      declaring that Boone has breached her fiduciary duties to Boone Associates, MBG and its Limited Partners by mismanagement, waste, and the misappropriation of equity for her own self-interest and benefit;

b)      declaring that Boone has breached her fiduciary duties to Boone Associates, MBG and its Limited Partners by running the business upon a fraud, ongoing mismanagement, the misappropriation of the equity and value from Boone Associates and MBG for her own self-interest and benefit, and a criminal fraud that cannot be trusted to have been designed to benefit the company and the company's Limited Partners  as opposed to herself personally;

c)      declaring that Defendants are also liable for fraud, unjust enrichment, corporate waste and conversion for the reasons set forth herein;

d)      enjoining Boone from consummating any further sale of Boone Associates and MBG owned art or assets, or any other transaction involving the sale, purchase or transfer of equity in Boone Associates or MBG;

e)      imposing a constructive trust over Boone's equity stakes in Boone Associates and any profits or proceeds from the sale of Boone Associates and MBG owned art and for the handling and safekeeping of all Boone Associates and MBG owned art currently stored at Boone's personal residence;

f)      ordering that Defendants restructure the ownership of Boone Associates to restore the appropriate amount of equity and income wrongfully misappropriated as the result of Boone's fraud and breaches of her contractual, fiduciary and other duties;

g)      ordering Defendants to pay damages to compensate Plaintiff for the loss of value in his equity, income and profits from the sale of assets and unpaid salary, among other costs, expenses, interest and damages that Defendants' actions have caused;

h)      ordering Defendants pay punitive damages;

i)      ordering Defendants pay Plaintiff such costs of Court and reasonable attorneys' fees and expenses as may be allowed by law; and

j)      awarding Plaintiff all other, further and different relief the Court deems proper.


Dated: New York, New York
         January 14, 2020


Brett Gallaway, Esq.
Andrew Luskin, Esq.
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
*Attorneys for James Oliver*